**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-30382**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**FRANCISCO RAMIREZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(CR-94-194-M)**

_____

April 4, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Francisco Ramirez, who pleaded guilty to one count of money laundering, contends that his sentence was the result of sentencing manipulation or entrapment, that the district court erred by sentencing him based upon the completed, rather than attempted, offense of money laundering, and that his guilty plea was involuntary.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Because Ramirez was informed, *inter alia*, of the maximum possible penalty, he was aware of the consequences of pleading guilty. *See **United States v. Guerra,*** 94 F.3d 989 (5th Cir. 1996). His claim that he was unable to understand the proceedings is refuted by the following: he averred that he fully understood the proceedings; that he understood the maximum possible penalty; and that he had understood the interpreter who was present during his meetings with his attorney.

Among other factors, Ramirez initiated the transaction and chose not to withdraw when given the opportunity; therefore, the district court did not err by rejecting Ramirez's claims of sentencing manipulation or entrapment. *See **United States v. Tremelling***, 43 F.3d 148, 151 (5th Cir.) **cert. denied**, 115 S.Ct. 1990 (1995).

Ramirez's claims that he never received the funds to be laundered and had not made arrangements for laundering the money are refuted by the record. For these, among other reasons, the district court did not err by sentencing Ramirez based upon the completed offense. *See **United States v. Richardson***, 925 F.2d 112, 116 (5th Cir. 1991).

For the foregoing reasons, the judgment is

*AFFIRMED*.